ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| WASTE COLLECTION CORP<br><br>Demandante<br><br>v.<br><br>HON. ÁNGEL DAVID CONCEPCIÓN GONZÁLEZ Y OTROS<br><br>Recurrido<br><br>v.<br><br>OSCAR SANTAMARÍA TORRES<br><br>Peticionario | KLCE202400252 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2021CV02138<br><br>Sobre:<br><br>Daños y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante esta Curia, el Sr. Oscar Santamaria Torres (peticionario) y solicita la revocación de una *Orden* emitida por el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) el 29 de enero de 2024, notificada el 30 de enero de 2024. En esta, el foro primario declaró No Ha Lugar la *Moción de Desestimación por Insuficiencia en el Emplazamiento*, presentada por el peticionario. Junto a su petitorio presentó *una Solicitud de Remedio Urgente, en Auxilio de Jurisdicción* en la cual solicita la paralización de los procedimientos, pendiente la adjudicación del recurso de epígrafe. Además, solicita la revocación de las órdenes notificadas por el foro primario el 26 de febrero de 2024. En dichas órdenes, el TPI le anotó la rebeldía al peticionario y determinó que debía cumplir con una toma de deposición.

Número Identificador:

RES2024_____

Adelantamos que, conforme a los fundamentos que expondremos, procede la desestimación del recurso por falta de jurisdicción. Para una mayor comprensión de los asuntos ante nuestra consideración, exponemos los hechos procesales pertinentes a la presente causa. Veamos.

## I.

Waste Collection Corp. (Waste Collection) incoó una demanda el 23 de agosto de 2021, en contra del Municipio Autónomo de Cidra (Municipio), su alcalde, el Hon. Ángel Davis Concepción González y otros, por incumplimiento de contrato e intervención torticera.[1]

En respuesta, el 2 de marzo de 2022, el Municipio acreditó su alegación responsiva, e interpuso una reconvención y una demanda contra tercero en contra del peticionario, presidente de Waste Collection.[2] En su comparecencia, instó tres causas de acción, a saber, incumplimiento de contrato, daños por incumplimiento e interferencia torticera y difamación. Al día siguiente, el Municipio instó una contestación a la demanda, reconvención y demanda contra tercero enmendada en contra del peticionario a los efectos de enmendar el epígrafe para incluir a este último.[3] Junto a su comparecencia, el 3 de marzo de 2022 presentó una *Moción Solicitando Se Expida Emplazamiento*, en la cual acompañó el proyecto de emplazamiento dirigido al peticionario para su expedición.[4] Conforme nuestro examen del expediente y del Sistema Unificado de Manejo y Administración de Casos (SUMAC), no consta que el foro primario haya atendido la referida moción solicitando la expedición del emplazamiento en ese momento.

En reacción a la falta de adjudicación de su petitorio, el 18 de mayo de 2022, el Municipio volvió a implorar al TPI que expidiera el

---

[1] Apéndice, Anejo 1.
[2] Apéndice, Anejo 2.
[3] Apéndice, Anejo 3.
[4] Apéndice, Anejo 4.

emplazamiento al tercero demandado mediante una *Solicitud de Expedición de Emplazamiento*, en la cual notificó que, hasta la fecha no se había expedido el emplazamiento del peticionario.[5]

En esta etapa procesal y de un examen del SUMAC, no surge movimiento alguno en el caso de epígrafe, a excepción de la renuncia de la representación legal de Waste Collection y una moción en la que se asume una nueva representación legal.[6] Así las cosas, el 3 de febrero de 2023, el TPI emitió una *Orden*, notificada el 7 de febrero de 2023, con relación a la *Solicitud de Expedición de Emplazamiento* presentada por el Municipio, en la cual dispuso lo siguiente:

> "Con Lugar, se ordena a Secretaría expedir el correspondiente emplazamiento."[7]

En vista de lo ordenado por el TPI, el 23 de febrero de 2023, el Municipio presentó una *Moción Informativa Acompañando Emplazamiento Diligenciado* en la cual informó que el foro primario expidió el emplazamiento al peticionario y que fue diligenciado ese mismo día.[8]

En reacción, el 17 de abril de 2023, el peticionario compareció por primera vez, por conducto de su representante legal, el Lcdo. José C. Martínez Toledo, sin someterse a la jurisdicción del TPI, mediante *Moción de Desestimación por Insuficiencia del Diligenciamiento del Emplazamiento*.[9] En esta, alegó que, al pasar nueve meses desde la radicación original para la expedición del emplazamiento, el TPI ordenó la expedición del emplazamiento el 7 de febrero de 2023 y el diligenciamiento se realizó el 23 de febrero de 2023. Señaló que fue emplazado luego de caducado el término de 120 días para emplazar de conformidad con la Regla 4.3(c) de

---

[5] Cabe señalar que por inadvertencia, el peticionario identificó esta moción como Anejo 4, (con una fecha posterior) cuando el Anejo 4 de su apéndice corresponde a la moción presentada el 3 de marzo de 2022. Véase, SUMAC, en el caso CG2021CV02138, entrada núm. 25.

[6] Véase, SUMAC, en el caso CG2021CV02138, entrada núm. 26 y 27.

[7] Véase, SUMAC, en el caso CG2021CV02138, entrada núm. 30.

[8] Apéndice, Anejo 6.

[9] Apéndice, Anejo 7.

Procedimiento Civil, 32 LPRA Ap. V, Regla 4.3(c). El 19 de abril de 2023, el Municipio presentó su *Oposición a Moción de Desestimación por Insuficiencia del Diligenciamiento del Emplazamiento*.[10]

Curiosamente, es de notar que, a pesar de haber ordenado la expedición del emplazamiento en febrero de 2023, el TPI nuevamente, el 27 de septiembre de 2023, emitió una *Orden* notificada el 31 de octubre de 2023, referente a la *Moción Solicitando Expedición de Emplazamiento*. En esta dispuso lo siguiente:

"Expídase Emplazamiento."[11]

Luego de varios trámites procesales, el 29 de enero de 2024, notificada el 30 de enero de 2024, el TPI emitió una *Orden* en la cual determinó lo siguiente:

"Examinados la Moción de Desestimación sometida por el tercero demandado, Oscar Santamaria, y el escrito en oposición presentado por la parte demandada, el Tribunal declara No Ha Lugar la solicitud de desestimación.

Las partes deben comenzar con el descubrimiento de prueba y cumplir con la Regla 37.1 de Procedimiento Civil. La fecha de la conferencia inicial será escogida mañana durante la vista."

No obstante lo anterior, debemos destacar que, de una revisión de los documentos que surgen de SUMAC, constatamos que la referida *Orden* en la que se adjudicó el petitorio de desestimación, no le fue notificada al peticionario, ni a su representante legal.[12]

El pleito continuó su curso ordinario y suscitaron algunos asuntos relativos al descubrimiento de prueba, entre otros. Al examinar el tracto procesal en SUMAC, nuevamente identificamos que, de igual forma, algunas de las notificaciones a atinentes al recurso ante nos, no fueron notificadas a la parte peticionaria ni a su representación legal.[13]

---

[10] Apéndice, Anejo 8.
[11] Véase, SUMAC, en el caso CG2021CV02138, entrada núm. 51.
[12] Véase, SUMAC, en el caso CG2021CV02138, entrada núm. 61.
[13] Conforme surge nuestro examen en el SUMAC, las órdenes que constan no fueron notificadas al representante legal del peticionario son las siguientes:

Inconforme con la determinación, el 23 de febrero de 2024, el peticionario solicitó la reconsideración de la *Orden* emitida por el TPI y una orden protectora al amparo de la Regla 23.2 de Procedimiento Civil.[14] Alegó que el Municipio interesaba deponerlo antes de que culminara su procedimiento en el Tribunal Federal de Estados Unidos para el Distrito de Puerto Rico. En aras de proteger sus derechos constitucionales, solicitó que la deposición se pospusiera hasta luego de dictarse sentencia en el caso ante el Tribunal Federal. Por lo anterior, solicitó del foro primario una orden protectora a los efectos de protegerlo de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida con relación a la toma de deposición.

El 24 de febrero de 2024, el TPI emitió una *Orden,* en relación con la orden protectora, en la cual declaró No Ha Lugar el petitorio del peticionario. La referida orden tampoco fue notificada al peticionario ni a su representante legal.[15] El 26 de febrero de 2024, el foro primario le anotó la rebeldía al peticionario tras no presentar su alegación responsiva.[16]

No obstante lo anterior, el 27 de febrero de 2024, el peticionario presentó una nueva *Solicitud de Reconsideración.*[17] En su comparecencia, señaló que el Tribunal emitió una orden a los efectos de que proveyera unas fechas hábiles para la toma de

---

1) Entrada Núm. 61 – No Ha Lugar a Solicitud de Desestimación de Tercero Demandado emitida el 29 de enero de 2024, notificada el 30 de enero de 2024.
2) Entrada Núm. 62 – No Ha Lugar. Existía una Solicitud de Desestimación sin resolver. Tenga el demandado 20 días para someter alegación responsiva emitida el 29 de enero de 2024, notificada el 30 de enero de 2024.
3) Entrada Núm. 63 – El asunto de la toma de deposiciones se atenderá en la vista de mañana, 30 de enero de 2024. Emitida el 29 de enero de 2024, notificada el 20 de enero de 2024.
4) Entrada Núm. 67 – Enterado. Emitida el 13 de febrero de 2024, notificada el 15 de febrero de 2024.
5) Entrada Núm. 70 – 30 días para proveer la toma de deposición. Emitida y notificada el 20 de febrero de 2024.
6) Entrada Núm. 73 – No Ha Lugar a Orden Protectora emitida el 23 de febrero de 2024, notificada el 26 de febrero de 2024.

[14] Apéndice, Anejo 14.
[15] Véase, SUMAC, en el caso CG2021CV02138, entrada núm. 73.
[16] Véase, SUMAC, en el caso CG2021CV02138, entrada núm. 74.
[17] Apéndice, Anejo 18.

deposición e información de dos personas particulares que no son partes en el pleito. Por lo anterior, solicitó la reconsideración de la orden, al considerar que la expedición del emplazamiento fue contraria a derecho, por lo que el TPI no tenía jurisdicción sobre su persona.

En desacuerdo con las determinaciones del TPI y sin que se notificara en autos la adjudicación de la reconsideración presentada el 23 de febrero de 2024 ante el foro primario, el peticionario acude ante esta Curia y señala la comisión de los siguientes errores:

> Erró el TPI al concluir que el parte tercero demandante emplazó al tercero demandado conforme a derecho luego de haber transcurrido más de (120) días para diligenciar los emplazamientos sin haber solicitado oportunamente una prórroga para emplazar, quedándose de brazos cruzados siendo el peticionario emplazado (357) días luego de presentada la demanda de terceros en su contra.

> Erró el TPI al anotar la rebeldía al tercero demandado habiendo transcurrido (21) días de notificada su determinación declarando "No Ha Lugar" la "Moción de desestimación por insuficiencia del diligenciamiento del emplazamiento", asunto jurisdiccional, aun en término para acudir ante el Tribunal de Apelaciones.

> Erró el Honorable Tribunal al declarar No Ha Lugar una moción de reconsideración y orden protectora fundamentada en el derecho de la parte recurrente a la no autoincriminación y el imponer sanciones económicas.

Hemos examinado con detenimiento el recurso sometido por el peticionario y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

**II.**

**A. Jurisdicción y la notificación de órdenes**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. Estado Libre Asociado de Puerto Rico y otros,* 2023 TSPR 105, resuelto el 1 de septiembre de 2023.  Es por ello, que, la falta de

jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Íd.*, pág. 500.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Torres Alvarado v. Madera Atiles*, supra.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, supra. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Íd.* Es decir, procede la inmediata desestimación del recurso apelativo,

según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

De otra parte y atinente al recurso de epígrafe, es preciso señalar que, en caso de las notificaciones de órdenes, resoluciones y sentencias, la Regla 65.3(a) de Procedimiento Civil (32 LPRA Ap. V) establece que el Secretario o Secretaria debe notificar el archivo en autos de copia del dictamen "a todas las partes que hayan comparecido en el pleito". La notificación debe realizarse de conformidad con la Regla 67.1 de Procedimiento Civil (32 LPRA Ap. V) que dispone: "[t]oda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito. [...]". El Tribunal Supremo de Puerto Rico ha expresado que la notificación adecuada de una orden a las partes "es parte integral de la actuación judicial y afecta el estado procesal del caso". *Caro v. Cardona,* 158 DPR 592, 600 (2003).

La notificación y el archivo en autos de una copia de la notificación de un dictamen resulta ser una etapa crucial del proceso adjudicativo. *Yumac Home v. Empresas Masso,* supra. Este deber de notificación no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil, sino del debido proceso de ley. *Íd.*[18] Por eso, la correcta y oportuna notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. *PR Eco Park et al. v. Mun. de Yauco,* supra. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), faculta al foro apelativo

---

[18] Véase, además, *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).

a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. De Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

**III.**

Conforme surge de la normativa antes expuesta y previo a la consideración en los méritos de cualquier recurso presentado ante esta Curia, estamos obligados a auscultar nuestra jurisdicción sobre cada asunto, por lo que así procedemos. En atención a ello, tras un examen minucioso al expediente ante nuestra consideración, así como a los documentos que surgen del sistema SUMAC del Poder Judicial, observamos deficiencias en las notificaciones realizadas por el TPI que inciden en nuestra autoridad para entender sobre la presente causa. Al ser un asunto jurisdiccional, procede la desestimación del presente recurso. Nos explicamos.

Tal cual adelantamos en la exposición de los hechos procesales pertinentes, pudimos constatar del volante de notificación de la *Orden* emitida el 3 de febrero de 2023, notificada el 7 de febrero de 2023, que, el TPI omitió notificar al peticionario el dictamen recurrido. Asimismo, las órdenes emitidas el 29 de enero de 2024, notificadas el 30 de enero de 2024, tampoco fueron notificadas a la representación legal del peticionario. Añádase a ello que, el presente recurso fue presentado antes de que se notificara en autos la adjudicación de la solicitud de reconsideración.[19]

---

[19]De SUMAC se desprende que la adjudicación de la reconsideración fue notificada por el TPI el 29 de febrero de 2024 a las 4:21 p.m. y la presentación del

De esta forma, se violentó la normativa antes expuesta y el debido proceso de ley. Hasta tanto el foro primario no notifique las referidas órdenes a todas las partes, el término para recurrir del referido dictamen no comienza a transcurrir. Ante ello, carecemos de jurisdicción para entender sobre la presente causa.

Sobre tales bases, al entender sobre el recurso, según presentado, concluimos que el dictamen impugnado no está sujeto a revisión judicial. Lo anterior, no menoscaba el derecho del recurrente de, en su día, presentar un recurso de revisión judicial, una vez se notifique correctamente las determinaciones del tribunal. Ante ello, consideramos que nuestra intervención, en esta etapa de los procedimientos, sería prematura.

Puntualizamos que, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico. A esta fecha, no ha nacido autoridad judicial para acogerlo. Cabe destacar que, en ausencia de jurisdicción de este tribunal, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia.[20]

Por todo lo anterior, y de conformidad con la normativa antes expuesta, procede la inmediata desestimación del recurso apelativo. A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta al foro apelativo a desestimar un recurso apelativo ante la ausencia de jurisdicción.

**IV.**

Por los fundamentos expuestos, declaramos no ha lugar la *Solicitud de remedio urgente en auxilio de jurisdicción* y desestimamos el recurso según presentado por falta de jurisdicción.

**Notifíquese inmediatamente.**

---

recurso ante nos, fue radicada con anterioridad el mismo día a las 1:28 p.m. el *Certiorari* y a la 1:30 p.m., la solicitud de auxilio de jurisdicción.
[20] *El Pueblo de Puerto Rico v. Noel Ríos Nieves*, supra.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones